G. ATILES MORÉU, MANAGER OF THE STATE INSURANCE FUND, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; and JULIO CRUZ ALVAREZ, Claimant.

No. 305. Argued March 20, 1944.—Decided March 31, 1944.

M. Rodríguez Ramos, Acting Attorney General, G. Benítez Gautier, Deputy Attorney General, and Joaquina Pérez Cordero, Angel de Jesús Matos, Joaquín Correa Suárez, and A. Sandín del Manzano, Legal Advisors of the State Fund, for appellant. Julio Cruz Almodóvar, pro se.

Mr. Justice Snyder delivered the opinion of the court.

On December 14, 1942, Julio Cruz Alvarez, alleging that on December 10 he had suffered an accident during the course of his employment as a result of which he had developed hernia, applied for and received medical treatment from a doctor of the State Fund. After receiving the report of his medical advisers, the Manager of the State Fund ruled on December 17 that the alleged accident had not caused the hernia. Whereupon the workman appealed to the Industrial Commission, alleging that the hernia had been caused by an accident while he was working and that he needed further medical treatment therefor. A medical hearing was held before the Commission on December 21, at which the medical advisers of both the State Fund and the Commission reported. As a result of their report, the Commission upheld the ruling of the Manager. Thereupon the workman petitioned the Commission for a public hearing, which was held on February 17, 1943. On this occasion the workman produced as a witness his own physician. On August 11, 1943, six months later, the Commission concluded that the hernia was the result of a compensable accident which the workman had suffered on December 10, 1942, and ordered the Manager "to determine the treatment he needs, or to compensate him for the same in the appropriate form".

By virtue of said order of August 11, 1943, the workman was submitted to medical treatment by the Manager from August 27, 1943 to December 1943, when he was released from medical treatment. The Administrator, however, refused to make any payments to the workman for the period

from December 10, 1942—the date of the accident—to August 27, 1943, the date his medical treatment commenced. The workman again appealed from this ruling to the Commission. The Commission then conducted a hearing on this question, at which doctors representing (1) the Commission, (2) the State Fund, and (3) the workman, testified. The Commission ordered the "dietas" to be paid to the workman beginning seven days after the date of the accident, December 10, 1942. We granted the petition of the Manager to review this last order.

We begin by noting that the delay of six months by the Commission in disposing of this matter was wholly unwarranted, especially in a case of this type. The order of the Commission which is assailed herein vouchsafes no reason for this delay. It recites only that "The delay in the disposition of the case is what has caused all this. But the workman cannot be made responsible for that nor ought he to suffer the consequences therefor. Fortunately these dilatory procedures no longer exist in the Industrial Commission."

However, we cannot be controlled by sympathy for the workman because of the delay in the disposition of his case. In order to affirm the order of the Commission, we must find some evidence in the record justifying its action. Act No. 45, Laws of P. R., 1935, provides in §3, paragraph 2, that the workman shall be entitled "if the disability is of a temporary or transitory nature, to compensation equal to one-half of the wages which he received or, but for such accident, would have received on the day of the accident, *during such times as he is disabled for work,*. payable at the end of each week." (Italics ours). This is a wholly different provision from that found in a previous law that the same amount be paid to the worker "during such time as he may be under medical treatment". (Act No. 102, Laws of P. R., 1925, §3, paragraph 2).

As we have seen, there was a conflict in the medical testimony as to whether a compensable accident had occurred. This dispute was resolved against the State Fund, and it does not at this time complain of that order. But it does allege that at the hearing subsequently held its doctor and the doctor of the Commission both testified that the hernia —whether it be an old one, as they alleged, or one resulting from an accident while he was working, as the laborer alleged—did not, in any event, disable Cruz for work from the date of the accident to August 27, 1943, the date this treatment and "dietas" begun. The doctor of the workman although he was present and gave some testimony, did not testify to the contrary on this point. There was therefore no evidence in the record to justify the order of the Commission that the workman was entitled to the compensation involved herein from a date which was seven days after the date of the accident.

The order of the Industrial Commission will be reversed.

Mr. Chief Justice Travieso did not participate herein.